◼ In the Matter of UNITED CEREBRAL PALSY OF NEW YORK CITY, INC., Appellant, v THOMAS SOBOL, as Commissioner of Education of the State of New York, et al., Respondents.— Crew III, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered June 20, 1991 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motions to dismiss the petition for failure to state a cause of action.

In July 1989 petitioner applied to respondent Commissioner of Education and respondent Board of Education of the City School District of the City of New York (hereinafter collectively referred to as respondents) for a tuition rate increase for the handicapped preschool-age and school-age children it services. An increase was granted from the 1988-1989 rate of $24,831 per child to $31,098 per child for 1989-1990. A further increase to $32,302 per child was given for the 1990-1991 school year. After receiving such marked increases, petitioner, in September 1990, applied for a tuition rate increase for the handicapped children under the age of three that it services. Petitioner was given a 5% increase for those children for the 1990-1991 school year. Petitioner appealed that rate increase to the Board of Education claiming that it was woefully inadequate when compared to the 25% increase it received for the older children it serviced. That appeal was rejected on the ground that "the current tuition rate is adequate".

Petitioner then commenced this CPLR article 78 proceeding seeking, *inter alia,* a declaration that respondents' actions were arbitrary and capricious and an order directing respondents to increase the tuition rate for the handicapped children under three years of age to the same rate as the three to five-year-old children. Respondents each moved to dismiss the petition for failure to state a cause of action. Supreme Court held that Family Court is the only entity authorized by the Legislature to approve tuition expenses of handicapped children under the age of three and granted the motions to dismiss. We agree and affirm.

Family Court Act § 236 (2) authorizes Family Court to issue an order to provide for a handicapped child's education including the expenses incurred for any child in need of special educational services. While Education Law § 4410 (10) (a) (i) provides that the Commissioner shall determine the tuition rate for approved special services or programs provided for

preschool children, that section is specifically limited to children between the ages of three and five (see, Education Law § 4410 [1] [f], [j]). While we realize that Family Courts are burdened with heavy caseloads and may lack the administrative expertise in setting tuition rates for children with handicapping conditions which respondents have, it is well settled that the intent of the Legislature is controlling and must be given force and effect, regardless of any inconvenience or hardship which may result, where, as here, the language of the statute is clear and unambiguous (McKinney's Cons Laws of NY, Book 1, Statutes §§ 76, 92, 94; see, Matter of Allstate Ins. Co. v Libow, 106 AD2d 110, 114, affd 65 NY2d 807). A plain reading of the statutory provisions involved reveals that Family Court, not the Commissioner, is vested with the authority to set tuition rates for handicapped children under the age of three. We note, however, that the Commissioner must approve an order issued pursuant to Family Court Act § 236 (see, Education Law § 4406 [1]) and the refusal to approve such an order is reviewable by way of a special proceeding (see, id.; CPLR 7803). Since no order has been issued by Family Court and refused by the Commissioner, the instant proceeding is premature.

We have reviewed petitioner's other contentions and find them to be without merit.

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.